IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Paul Medlen, et. al.,

        Plaintiffs,                Case No. 3:05CV7201

v.                                ORDER

The Estate of Myles Meyers, et al.,

        Defendants.

Plaintiffs Paul Medlen and Sally Medlen brought suit against the Estate of Myles Meyers (Estate), Daimler Chrysler Corporation (Daimler), and The Wackenhut Corporation (Wackenhut) in the Court of Common Pleas of Lucas County, Ohio. Plaintiffs allege battery against the Estate, employer intentional torts against Daimler, and negligence against Wackenhut. Defendants removed the suit to this court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

Pending is plaintiffs' motion to remand under 28 U.S.C. § 1447(c).

For the following reasons that motion shall be denied.

**Background**

On January 26, 2005, Myles Meyers, a Daimler employee, shot co-worker Paul Medlen at the Daimler Toledo Assembly Complex. After the shooting, Meyers committed suicide. Daimler had contracted with defendant Wackenhut to install the security measures that were in place at the plant.

Paul Medlen is a member of the UAW Local 12. A collective bargaining agreement (CBA) governs the employment relationship between UAW members and Daimler.

## Discussion

### A. Preemption

A defendant can remove a civil action filed in state court to federal court if the federal district court in that state would have original jurisdiction over the action. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case arising under the "Constitution, treaties or laws of the United States" is removable regardless of the defendant's citizenship. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331.

The well-pleaded complaint rule requires a court to look to the "face of the plaintiff's properly pleaded complaint" to determine whether it has original jurisdiction over a case. *Caterpillar Inc.*, 482 U.S. at 392 (internal quotations omitted). A plaintiff is considered the master of the action and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* A federal defense does not provide original jurisdiction. *Id.* at 398-99.

An exception to the well-pleaded complaint rule is the complete preemption doctrine. *Id.* at 399. This doctrine converts a state claim to a federal claim. *Id.* The Supreme Court has limited the complete preemption doctrine to a few federal statutes. Among these are § 301 of the Labor Management Relations Act, 29 U.S.C. 185(a) (LMRA), and the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a). *Palkow v. CSX Transp., Inc.*, F.3d ; 2005 WL 3078498 at *9 (6th Cir. Nov. 18, 2005).

At issue in this case is whether § 301 of the LMRA, 29 U.S.C. § 185(a), preempts plaintiffs' claims against Daimler.[1]

Section 301 preempts state law when plaintiff's claim "substantially implicate[s] the meaning of collective bargaining agreement terms." *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). "When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we [the Supreme Court] have held must be regarded as a federal claim, and removal is at the defendant's option." *Caterpillar Inc.*, 482 U.S. at 399 (emphasis in original). If a court determines a state claim is completely preempted by federal law, federal question jurisdiction exists and removal is proper. *Palkow,* 2005 WL 3078498 at *9.

To determine whether a claim is completely preempted by § 301, a court applies a two-step analysis. First, the court must determine whether "proof of the state law claim requires interpretation of collective bargaining agreement terms." *DeCoe*, 32 F.3d at 216. If the plaintiff must rely on the collective bargaining agreement to prove the state law claim, the claim is preempted. *Id.* A mere tangential relationship to a CBA, however, is not enough to warrant preemption. *Id.*

Second, the court looks to whether state law or the CBA created the plaintiff's right to bring suit. *Id.* If the CBA created the right, the state law claim is preempted. *Id.*

---

[1] Section 301 provides:

> suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Thus, § 301 preempts state law claims requiring interpretation of a CBA or where the CBA created the "right claimed by the plaintiff." *Id.*

Daimler and Wackenhut admit that a claim of employer intentional tort is a right created by state law. Thus, the issue becomes whether plaintiffs' intentional tort claims against Daimler require interpretation of the CBA between the UAW and Daimler.

A court looks at each element of a claim when determining whether it requires interpretation of a CBA. *Id.* at 217. To prove an intentional tort claim against an employer, a plaintiff must show: 1) the employer had knowledge of a danger within the business; 2) the employer knew that if an employee was exposed to that danger, injury was certain or substantially certain to occur; and 3) the employer, despite this knowledge, required the employee to perform the dangerous task. *Fyffe v. Jeno's, Inc.*, 59 Ohio St. 3d 115, 118 (1991).

Plaintiffs allege two intentional tort claims against Daimler. First, plaintiffs contend that Daimler had knowledge that Meyers threatened or posed physical harm to other Daimler employees and was aware this harm was substantially certain to occur, but required Paul Medlen to work at the plant.

Plaintiffs' second claim of intentional tort against Daimler alleges that Daimler had knowledge that failure to provide adequate security to prevent weapons from entering the plant would create a dangerous condition within the plant, and yet required Paul Medlen to work in the plant while exposed to this dangerous condition.

Defendants argue that § 301 preempts both intentional tort claims. They contend: 1) because the terms and conditions of Medlen's employment are governed by a CBA, the court must necessarily interpret the terms of the CBA when adjudicating plaintiffs' intentional tort claims

against Daimler; 2) the CBA governs Daimler's duty to the members of a collective bargaining unit; and 3) an interpretation of the CBA is required to determine whether Daimler could have implemented additional security provisions.

Plaintiffs contend that I can resolve both of the intentional tort claims without interpreting the CBA because the claims are based on Daimler's conduct independent of its obligations under the CBA.

In particular, defendants argue that the CBA sets the safety standards that Daimler owes a union member. They rely on *Honchell v. Gen. Elec. Co.*, 100 Ohio App. 3d 527, 531 (Ct. App. 1995). In *Honchell*, the Ohio Court of Appeals determined that § 301 preempted a state intentional tort claim alleging that the employer wrongfully required an injured employee to return to work. *Id.* The court found it was necessary to interpret the return-to-work provision of the CBA to determine whether the employer's conduct was wrongful. *Id.* Thus, the court held § 301 preempted the claim. *Id.*

Unlike *Honchell*, plaintiffs' first count of intentional tort, however, does not implicate a specific section of the CBA. Instead, the claim focuses on whether Daimler was substantially certain that Meyers would shoot employees within the plant and failed to protect the employees from this harm. The CBA that governs the relationship between UAW members and Daimler does not address the circumstance in which another employee in the workplace poses a threat to other employees. Ohio law, however, places a general duty on an employer to provide a safe workplace. *Hillman v. McCaughtrey*, 56 Ohio App. 3d 100, 103 (Ct. App.1989). Thus, plaintiffs' first count of intentional tort does not require the court to interpret the CBA in place. Accordingly, § 301 does not preempt this claim.

Plaintiffs' second count of intentional tort, however, implicates a specific section of the CBA. Essentially, plaintiffs argue that Daimler failed to provide adequate safety provisions to prevent Meyers from entering the plant with a weapon. The CBA provides for a Joint Safety Committee that determines whether health, sanitary, and safety conditions are met in the plant. To determine whether the safety measures in place on the day of the shooting were adequate or inadequate requires interpretation of the appropriate level of safety the CBA requires the Joint Safety Committee to meet. Thus, plaintiffs will need to rely on the CBA to prove this intentional tort claim against Daimler and therefore, § 301 preempts it.

Because § 301 preempts plaintiffs' second count of intentional tort against Daimler, federal question jurisdiction exists and removal was proper.[2]

### B. Supplemental Jurisdiction

Defendants assert that this court has supplemental jurisdiction over the remainder of plaintiffs' state law claims.                          .

Supplemental jurisdiction exists in a civil action in which a court has original jurisdiction over a claim and the other claims in the action are related such that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). All of the plaintiffs' claims arise from the shooting at the plant. Thus, these claims are so related that they form part of the same case.

Accordingly, this court has supplemental jurisdiction over all additional state law claims under 28 U.S.C. 1367(a).

### C. Diversity Jurisdiction

---

[2] Defendants also argue that jurisdiction exists because plaintiffs' claims implicate the Federal Gun Control Act, 18 U.S.C. § 921 *et seq*. Because I have already found that jurisdiction exists, I need not address this argument.

Finally, plaintiffs argue no subject matter jurisdiction exists in this suit under 28 U.S.C. § 1332, diversity jurisdiction, because there is not complete diversity between the parties. They argue that the estate's citizenship is Ohio and therefore is the same as the plaintiffs' citizenship.

I need not decide whether diversity jurisdiction exists because as addressed above, I have determined federal question jurisdiction exists.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED that plaintiffs' motion to remand be, and the same hereby is, denied.

So ordered.

/s/James G. Carr  
James G. Carr  
Chief Judge